UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI



CASSANDRA DIXON                                           PLAINTIFF

VERSUS                    CAUSE NO. 3:23cv2959-KHJ-MTP

EAST MISSISSIPPI CORRECTIONAL FACILITY (EMCF);   DEFENDANTS
EMCF JANE/JOHN DOE OWNERS AND OPERATORS;
EMCF JANE/JOHN DOE STAFF OFFICERS, WARDEN, AND
CHIEF OF SECURITY;
MISSISSIPPI DEPARTMENT OF CORRECTIONS' COMMISSIONER AND
CONTRACT MONITOR

## CIVIL COMPLAINT

This is a civil complaint brought by the plaintiff(s) against the defendants seeking money damages and a trial by jury.

## Jurisdiction

This court has jurisdiction under 42 U.S.C. §1983 where this complaint involves violations of the United States Constitution by persons acting under the color of state law. Pendent jurisdiction federal statute is invoked where this complaint may also involve state law claims. The federal diversity statute is also invoked where this complaint involves persons from other states who are defendants.

## PARTIES

The plaintiff is the mother of prisoner murdered while in the custody of the defendants. The plaintiff resides in Jackson, Mississippi. The prisoner, her biological son, was Bobbie Jenkins.

The defendant EMCF Jane/John Doe owners and operators are corporate persons of the corporation who had/has the responsibility to protect prisoners at EMCF from harm at the hands of other prisoners, and the corporation is in a State other than Mississippi.

The defendant EMCF Jane/John Doe staff officers, warden and chief of security were all employed at EMCF at all times relevant to this complaint and had/have the responsibility to protect prisoners at EMCF from harm at the hands of other prisoners, and the are all residents of Mississippi. [Meridian, MS - EMCF prison]

The defendant Commissioner and contract monitor are employees of Mississippi Department of Correction, reside in the State of Mississippi, and have the responsibility to protect prisoners in the custody of Mississippi Department of Corrections (MDOC) from harm at the hands of other prisoners.

### CLAIMS

The plaintiff claims the defendants violated the 8th and 14th Amendments of the United States Constitution in failing to protect her son, Bobbie Jenkins, from being repeatedly stabbed to death while in his prison cell at EMCF as a MDOC prisoner.

The plaintiff claims the defendants committed negligence where the defendants owed her son a duty to protect him from being stabbed to death while in his prison cell, but defendants breached that duty and proximately caused her the damage and injuries she suffers from.

The plaintiff claims the defendants under the color of state law at all times related to the above claims and following facts of this complaint, and that defendants acted under color of state law.

## FACTS

**1.**

Plaintiff's son was convicted and sentenced to state prison,[1]

**2.**

Plaintiff's son was not sentenced to the penalty of death.

**3.**

Upon conviction, the plaintiff's son was sentenced to, and transferred to, MDOC state prison facility.

**4.**

Defendants EMCF, the corporation, owners thereof, are in the prison industry as a private entity for profit.

**5.**

MDOC, defendant commissioner, made a contract with the above-mentioned corporation to house the plaintiff's son.

**6.**

Part of the contract mentioned in paragraph 5 above was that EMCF would carry out MDOC's duty to protect the plaintiff's son from harm at the hands of other prisoners.

**7.**

To ensure that EMCF was complying with the terms of the contract mentioned in above paragraph 6, MDOC placed a contract monitor on site at EMCF, in Meridian, MS.

**8.**

Prior to the contract being made and/or agreed upon, all defendants knew, or reasonably should have known, due to their official and individual capacities, that there was a rash of violence in MDOC's prison system involving inmates making tools to stab and

---

[1] Plaintiff's son is Bobbie Jenkins throughout this complaint.

kill other inmates.

9.

The violence in MDOC's prison system was so prevalent that in 1996, the federal district court ordered, and MDOC produced, a Gang-Busters Report.

10.

In that above-mentioned Gang-Busters Report the federal court, then Judge L.T. Senter, warned that MDOC would be deliberately indifferent to the safety of inmates and staff if the violence and stabbing persist.

11.

Defendants had available the tools of interior towers and cameras to watch every move every prisoner could make at all times relevant to this complaint.

12.

Despite the above facts, in December 2020, several inmates were allowed to arm themselves with home-made knives, or daggers, also known as "shanks", then enter the cell of the plaintiff's son and steal his life by repeatedly shanking/stabbing him to death.

13.

From the events in above-mentioned paragraph 12, the plaintiff's son died in a pile of his own blood.

14.

But for the defendants failure to carry out and/or comply with the minimum measure(s) to remedy and prevent the incident in paragraph 12 above, that is utilize appropriately the tools in paragraph 11 above, the plaintiff's son would not have been stabbed-shanked to death and left to die in his own blood.

15.
The failure of the defendants to properly use the tools in paragraph 11, and failure to supervise those defendants who were required to properly use the tools in paragraph 11 above, was a deliberate indifference to the plaintiff's son's safety and right to be protected from harm at the hands of other inmates.

16.
The failure of the defendants to properly use the tools in paragraph 11, and failure to supervise those defendants who were required to properly use the tools in paragraph 11 above, was a violation of the duty the defendants owed the plaintiff's son to protect him from harm at the hands of other inmates, and the breach of that duty caused the plaintiff to forever lose her son and all the enjoyments that plaintiff's son's life gave her.

17.
The defendants inactions set forth above were egregious and flagrant breaches of their duty and violation of the plaintiff's son's constitutional right to protection from the harm committed at the hands of the other inmates.

18.
The defendants have a continuing pattern, practice, custom, or habit of committing the very breaches of their duties and of committed the deliberate indifference to inmates' rights to be protected from harm by other inmates.

19.
The defendants have an obvious unwritten policy to commit the very breaches of duty and deliberate indifference set forth throughout this complaint.

20.

Prior to the same type murder committed against the plaintiff's son, other murders were committed by other inmates against other inmates at EMCF and MDOC's own facilities.

21.

The reign of terror imposed on inmates by other inmates is unimaginable, but a reality that had persisted prior to (and even after) the murder of the plaintiff's son.

22.

Plaintiff(s)' personal injuries include, but are not limited to, past, present and future physical and mental pain, suffering and mental distress; loss of companionship; loss of love, society, support, peace of mind, rememberances, and enjoyment of life, resulting in mental anguish, prior, and also future, reasonable medical expenses.

23.

Plaintiff finds herself just in a breakdown of tears, sadness and depression all of sudden on some days that start off with a good spirit or feeling. These breakdowns begin at night sometimes and render her sleepless.

## RELIEF SOUGHT

Plaintiff seek money damages, compensatory and punitive, along with injunctive relief that guards be required to be posted inside the prison dormitories where the prisoners inter-act, as opposed to being posted in separated room (towers) than where prisoners actually must live, eat and sleep.

Plaintiff seeks any other relief the court finds to be required by justice to include, but not limited to, litigation, research and/or attorney fees, and court costs, in addition to $1,000,000.00 in above-mentioned compensatory and punitive damages.

## CERTIFICATION

Plaintiff certify that the information provided in pages 1-6 above is not presented for an improper purpose, is supported by existing law, have evidentiary supports of all factual contentions, as evidence, in part, by a wrongful death lawsuit under Miss. Code Sec. 11-7-13 successfully litigated on behalf of Bobbie Jenkins' children (by their mother). The wrongful death action did not involve the plaintiff here, thus was a separate and distinct cause of action than the one presented here by the plaintiff, and collateral estoppel and res judicata have no application in this action. See Rowe v. Fair, 157 Miss 326, 128 So. 87 (Miss. 1930); Gentry v. Wallace, 606 So. 2d 1117 (Miss. 1992); Little v. V & G Welding Supply, Inc., 704 So. 2d 1336 (Miss. 1997).

I, declare (certify, verify or state) under the penalty of perjury the same and/or above facts and claims are true and correct and are based on my personal knowledge.

*Cassandra Dixon*
Cassandra Dixon

September 20, 2023
Date